## DANIELS et al. v. LAZARUS et al.

### (Circuit Court, S. D. New York. December 31, 1894.)

1. PROCESS—FEDERAL AND STATE COURTS—PROPERTY IN CUSTODIA LEGIS.

L. brought an action against the W. Co. in a state court, and caused an attachment to be levied upon certain personal property, alleged to belong to the W. Co. The cause was removed to the federal court, and the sheriff, under an order of that court, turned over the attached property to the United States marshal. D., the assignee of the W. Co. for the benefit of creditors, interposed a claim to the attached property, and, upon failure of the sureties upon an indemnity bond, given by L., to justify, the federal court made an order, in accordance with the practice under the state Code, directing the marshal to turn over the attached property to D. This order was entered at 1:15 p. m., and was immediately served upon the marshal. On the same day, after the entry and service of such order, but before actual delivery of the property by the marshal to D., a coroner, under process of the state court, in an action by one I. against L., D., the marshal, and the sheriff, replevied the property. *Held*, that,

after the making and entry of the order requiring the marshal to deliver the property to D., such property was discharged from the custody of the federal court, and open to new process of the state court, although the marshal had not actually turned it over to D.

**2.** INJUNCTION—AGAINST COLLUSIVE PROCEEDINGS AT LAW.

D. filed his bill in the federal court against L., I., the marshal, the sheriff, and the coroner, alleging that the replevin suit was instituted, without foundation, by collusion between I. and L., for the purpose of defeating D.'s right to the property. It appearing that this allegation was probably well founded, *held*, that L. and I. should be enjoined, until final hearing, from receiving or disposing of the property in controversy.

Prior to October 30, 1893, defendant Herbert Lefavour conducted business on his own account at 96 Duane street, New York City. On that day he made a contract with the plaintiff Whitman Shoe Company, of Boston, Mass., under which he thereafter conducted business, at the same place, as its agent, but under his own name, all goods, assets, etc., of the business becoming the property of the Whitman Shoe Company. In August, 1894, the Whitman Shoe Company assigned all its property, including that at 96 Duane street, New York, to the plaintiff William H. Daniels, for the benefit of its creditors. October 31, 1894, Lefavour commenced an action against the Whitman Shoe Company in the supreme court of New York, and caused an attachment to be issued and levied upon the property at 96 Duane street. November 10, 1894, the cause was removed to the United States circuit court, and on November 16th, pursuant to an order of that court, the attached property was delivered by the sheriff to the United States marshal.

On November 2, 1894, Daniels, as assignee, filed a claim of ownership of the attached property, and a demand therefor; and thereupon, in accordance with the state practice, the sheriff demanded and received from the plaintiff in the action, Lefavour, an indemnity bond of $5,000. The sureties upon this bond were duly excepted to by Daniels, and, having failed to justify, an order was made by the circuit court, after the removal, on notice to Lefavour and on his default, directing the marshal to deliver the attached property to Daniels. This order was entered at 1:15 p. m. on November 20, 1894, and was immediately served upon the marshal. The marshal and Daniels thereupon went to the sheriff to settle with him certain claims for fees, for which he claimed a lien on the property. While so engaged, and before the marshal had delivered the property to Daniels, it was taken possession of by the coroner under a writ of replevin issued from the state court in a suit brought against Lefavour, Daniels, the sheriff, and the marshal by one Isidor Lazarus, who claimed title to the property under an alleged sale of the same to him by Lefavour prior to October 31, 1894. Daniels subsequently made a motion in the replevin suit in the state court to vacate the levy, which was denied; the opinion, written by Patterson, J., holding that the property replevied was not, at the time, in the custody of the federal court. Lazarus v. McCarthy, 32 N. Y. Supp. 833. Daniels and the Whitman Shoe Company then filed this bill against Lazarus, Lefavour, the marshal, the sheriff, and the coroner, alleging that the replevin suit was without foundation, and was brought by collusion between Lazarus and Lefavour to defeat plaintiffs' rights, and asking that all the defendants be enjoined from delivering or disposing of the property otherwise than to Daniels.

George H. Adams, for complainants.

Abram Kling, for defendants.

LACOMBE, Circuit Judge. I concur in the opinion expressed by Judge Patterson, namely, that after the order of November 20, 1894,

had been made and entered in this court, the property therein described was discharged from its custody, and open to new process from the state court, although the marshal had not yet actually turned it over to Daniels, the claimant. No order, therefore, should be made interfering with the custody of the property while in the hands of state officers under process of the state court. Examination of the papers, however, has impressed me with the conviction that the replevin suit is a collusive one, gotten up in aid of a fraudulent attempt by Lefavour and Lazarus to obtain possession of property belonging to one or other of the complainants. Diversity of citizenship gives to this court jurisdiction of the controversy, and until the case is tried, and the facts finally determined, upon proofs, after opportunity for cross-examination, these defendants should not be allowed to take possession of the property. Complainants may therefore take an order for an injunction pendente lite against Lefavour and Lazarus, forbidding them from taking, receiving, or disposing of the property in controversy.